IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANny E. BEAUCLAIR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 05-3224-CM-JTR |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's renewed "Motion for Appointment of Counsel" pursuant to 28 U.S.C. § 1915(e). (Doc. 22). On Nov. 16, 2005, the court issued an order staying this case till Jan. 12, 2006 while plaintiff sought counsel. (Doc. 21). Plaintiff has sought counsel, Jan. 12, 2006 has passed, and the stay, by its own terms, is no longer in place.

The court denied plaintiff's first motion for appointment of counsel, finding that plaintiff had not sought counsel to take his case. (Doc. 14). Attached to his renewed motion, plaintiff provided evidence that he had made ten attempts to secure representation, but had been denied in all but one instance. (Doc. 22, Attach. 1). One attorney, Mr. John L.

Brennan who is known to this court as an attorney who handles Social Security matters, sought more information from Mr. Beauclair.  The court contacted Mr. Brennan and the Assistant United States Attorney representing the Commissioner in this matter, Ms. Rapstine, in an attempt to get the necessary information to Mr. Brennan.  Mr. Brennan subsequently wrote Mr. Beauclair a letter in which he declined to represent Mr. Beauclair in this matter.  He provided a copy of the letter to the court.  Therefore, plaintiff remains pro se, and seeks appointment of counsel.

28 U.S.C. § 1915(e) provides, "The court may request an attorney to represent any person unable to afford counsel." It is within the court's discretion to appoint counsel in an indigent prisoner case.  Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) (citing Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1420-21 (10th Cir. 1992).  In exercising its discretion, the

court must look at three factors:  (1) the merits of a prisoner's claims, (2) the nature and complexity of the factual and legal issues, and (3) the prisoner's ability to investigate the facts and present his claims.  *Hill*, 393 F.3d at 1115.

Here, the first factor favors appointment of counsel. The court notes that plaintiff presents non-frivolous arguments which reveal that his claim may have merit. Specifically, among other arguments, he argues that his treating physician's opinion should have been given controlling weight; that the Administrative Law Judge (ALJ) did not properly consider all of his impairments, including irritable bowel syndrome; that the ALJ improperly rejected his testimony regarding symptoms resulting from fibromyalgia and irritable bowel syndrome; and that the ALJ improperly considered evidence from the Larned State Hospital, produced after plaintiff was convicted of and incarcerated for a felony.

Regarding the nature and complexity of the legal and factual issues presented, the court notes that they are not particularly unusual or complex.  This case involves judicial review of a decision of the Commissioner of Social Security regarding plaintiff's application for disability insurance

benefits. This case is relatively straight-forward, does not involve application of unusual rules such as the medical improvement standard, and does not present difficult contested issues such as determination of the date last insured, or application of the Medical-Vocational Guidelines. The court finds that the issues raised by plaintiff are not unduly difficult or complex and the second factor slightly favors a decision not to appoint counsel.

The final factor definitely favors a decision not to appoint counsel. In his multiple pleadings, plaintiff has revealed an unfamiliarity with the formalities of the legal process, but has presented additional evidence and has presented his arguments clearly and in a forceful manner.

Judicial review of a Social Security disability decision is generally limited to the record developed before the Commissioner. Any facts to be presented will be those relating to plaintiff, his treatment, and records relating to his treatment and his application for disability. Thus, there is little need for plaintiff to extensively investigate the facts.

Moreover, plaintiff has demonstrated a marked ability to investigate and develop the facts in this case. The transcript of record contains over four hundred pages of

material procured and organized by plaintiff and presented to the Appeals Council while plaintiff was in custody of the Kansas Department of Corrections.  (R. 6-7, 12-13, 382-789). Beyond his complaint, a motion to proceed in forma pauperis, and two motions for appointment of counsel, plaintiff has filed three briefs directly addressing his argument that the Commissioner erred in evaluating his application.  (Docs. 11, 12, 17) ("Answer of Plaintiff," "Supplemental Answer of Plaintiff," and "Responce [sic] to Defendants [sic] 'Brief of the Commissioner'").  To these briefs plaintiff attached fifty-seven pages of evidence to support his arguments.  (Doc. 11, Attach. 1, pp. 21-30; Attach. 2, pp. 1-30); (Doc. 12, Attach. 1, pp. 1-6); (Doc. 17, Attach. 1, pp. 1-11).  Much of this evidence is new in the sense that it is not contained in the administrative record.

   Plaintiff has gone into extensive detail to explain his allegations of error in the Commissioner's decision.  Although plaintiff makes some arguments which are not legally cognizable or relevant to the issues actually presented, he has presented his claims and explained the basis for his allegations of error.  His arguments are laid out extensively in thirty-nine pages of his briefs and attachments thereto. (Doc. 11, pp. 1-3) ("Answer of Plaintiff"); (Doc. 11, Attach.

1, pp 1-20) ("Supplemental Complaint"); (Doc. 12, pp. 1-4) ("Supplemental Answer of Plaintiff"); and (Doc. 17, pp. 1-12) ("Responce [sic] to Defendants [sic] 'Brief of the Commissioner'").  Plaintiff has shown the ability to investigate the facts and present his claims.

   The court finds that in the circumstances, plaintiff's claims may have merit, but the nature and complexity of the issues presented are such that plaintiff has the ability to adequately investigate the facts and present his claims without the assistance of an attorney.

   **IT IS THEREFORE ORDERED** that plaintiff's "Motion for Appointment of Counsel" (Doc. 22) is DENIED.

   Dated this 16th day of March 2006, at Wichita, Kansas.

                             s/John Thomas Reid
                             **JOHN THOMAS REID**
                             **United States Magistrate Judge**